PROB 12C
(04/05)

January 4, 2008

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JAN -8 PM 1:11

Petition for Warrant or Summons for Offender Under Supervision

BY: _____  PDV  DEPUTY

**Name of Offender:** James Patrick MAGUIRE (English)         **Dkt No.:** 07-CR-7045-001-IEG

**Reg. No.:** 22484-057

**Name of Sentencing Judicial Officer:** The Honorable James A. Beaty, Jr., U.S. District Judge
                                                    (Middle District of North Carolina)
(This case has been assigned to the Honorable Irma E. Gonzalez, Chief U.S. District Judge)

**Date of Sentence:** June 9, 2005

**Original Offense:** 18 U.S.C. §§ 513(a) and 2; Make, Utter and Possess a Counterfeit Security;
       a Class C felony.

**Sentence:** 20 months custody; three years supervised release (*Special Conditions: no firearms; cooperate in the collection of a DNA sample; submit to substance abuse testing, at anytime, as directed by the probation officer; the defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment; during the course of treatment, the defendant shall abstain from the use of alcoholic beverages and/or any controlled substances unless prescribed by a medical provider; provide financial information to the probation officer; notify the Court of any change in economic circumstances; not engage in any self employment activities or other occupation which is designed to, or which in fact, does commit a fraud upon the public by promising services the defendant knows that he cannot truthfully provide; $878 restitution.*) $100 special assessment

November 6, 2007: Transfer of jurisdiction accepted in the Southern District of California from the Middle District of North Carolina.

**Type of Supervision:** Supervised Release         **Date Supervision Commenced:** June 5, 2006

**Asst. U.S. Atty.:** L. Patrick Auld               **Defense Counsel:** David B. Smith (North Carolina)
              (North Carolina)                                       (Appointed)
                                                                     (336) 574-2533

**Prior Violation History:** None

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                                **ALLEGATION(S) OF NONCOMPLIANCE**

**(Mandatory Condition)**
Refrain from any unlawful use of a controlled substance. *(nv3)*

1. While participating in a drug treatment program, Mr. Maguire used a controlled substance, as evidenced by the urine sample he submitted at Mental Health Systems, Inc. (MHS) on March 5, 2007, which tested positive for cocaine.

*Grounds for Revocation:* I have received and reviewed the U.S. Pretrial Laboratory test results which confirm that Mr. Maguire submitted a urine sample on the above date, which tested positive for cocaine. Mr. Maguire began participating in drug treatment at MHS, as directed by the probation officer, on February 1, 2007.

**(Special Condition)**
The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or residential treatment, and pay for treatment services, as directed by the probation officer.

2. While participating in a drug treatment program, Mr. Maguire failed to submit urine samples at MHS on April 3, April 23, May 12, August 10, September 28, October 30, and November 7, 2007, as directed.

3. While participating in a drug treatment program, Mr. Maguire failed to successfully complete a residential drug treatment program (CRASH, Inc. in San Diego, CA), as directed by the probation officer.

*Grounds for Revocation:*

As to allegation two, I have received and reviewed the MHS Noncompliance Reports which confirm that on the above dates, Mr. Maguire failed to submit urine samples as directed in the prerecorded instructions. Mr. Maguire began participating in drug treatment at MHS, as directed by the probation officer, on February 1, 2007.

As to allegation three, I have received and reviewed the CRASH, Inc. termination report, which confirms the following: On March 9, 2007, Mr. Maguire was instructed by the probation officer to enter and successfully complete the CRASH residential drug treatment program, in San Diego. Due to a lengthy waiting list to enter the program, the offender did not start in CRASH until May 15, 2007. Mr. Maguire was unsuccessfully terminated from CRASH on June 19, 2007, after he was seen by program staff driving a vehicle without having a driver's license (a program violation).

| (Standard Condition) | | |
|---|---|---|
| Not leave the judicial district without permission of the court or the probation officer. *(nv6)* | 4. | On or about September 28, 2007, Mr. Maguire traveled outside the judicial district without permission of the court or probation officer. |

***Grounds for Revocation:*** I have received and reviewed the U.S. Probation Office records which confirm that on the above date, Mr. Maguire traveled to the state of New York without obtaining permission from the court or probation officer.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

In addition to the allegations noted above, Mr. Maguire has submitted seven urine samples at MHS which were presumptive positive for cocaine. Although these seven samples were confirmed as being negative, there was cocaine present in each one. In attempting to explain these urine samples, the offender has provided the probation officer with a host of excuses. The most prevailing excuse was that a coworker at his prior place of employment was "spiking" his drinks with cocaine. However, the two most recent urine samples containing cocaine, submitted in October and November of 2007, occurred months after Mr. Maguire worked for this prior employer.

Based on Mr. Maguire's ongoing difficulties with his drug testing, he was directed to complete the CRASH residential drug treatment program. The residential portion of the program requires a commitment of 60-90 days minimum, to be followed by three to six months of aftercare. As noted above, the offender was unsuccessfully terminated from the program, after approximately one month, for a violation of program rules. Given Mr. Maguire's continued need for treatment, the undersigned allowed the offender to participate in an intensive outpatient program, also through CRASH, which was to be nine months in duration. The offender failed to attend several of the outpatient counseling sessions at CRASH and was terminated on September 27, 2007, for failure to participate.

Overall, Mr. Maguire's adjustment to supervision has been terrible. The offender's conduct described herein represents a pattern disregard for the Court's orders that spans several months. At each juncture, the undersigned addressed Mr. Maguire's noncompliance and offered him chance after chance to use treatment resources to modify his behavior. Over these months, however, the offender's willful disinterest has become evident, as he has refused to avail himself of the opportunities provided him.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Maguire was born in New York and has lived most of his life in Florida and New York. Although he was sentenced in North Carolina, the offender moved to San Diego immediately following his release from custody in the instant case. One of his sisters also lives in San Diego and rents her apartment to the offender. The offender has two daughters, both of whom live out of state, and the offender pays child support for each. Although he has maintained employment during his term of supervision, Mr. Maguire's last employment was extremely tumultuous. He was ultimately terminated from the job for internal working conflicts with company partners/co-workers. Since that time, the offender has secured and maintained new employment. Mr. Maguire has a fairly lengthy criminal history, consisting primarily of DUI/alcohol related offenses and domestic violence. The offender has a history of cocaine and marijuana use.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by refusing to comply with drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(3), and USSG § 7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, failure to comply with drug treatment program, and leaving the judicial district without permission) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB 12C

| | |
|---|---|
| Name of Offender: James Patrick MAGUIRE | January 3, 2008 |
| Docket No.: 07-CR-7045-001-IEG | Page 6 |

**RECOMMENDATION/JUSTIFICATION**

Mr. Maguire has continually failed to submit urine samples as directed, submitted a positive urine sample, was unsuccessfully terminated from both a residential and an outpatient drug treatment program, and traveled outside the district without permission. Based on the fact that Mr. Maguire has been afforded every resource available, a custodial sanction is necessary at this time. The guideline range in this matter is five to eleven months custody. Considering that this is Mr. Maguire's first violation hearing before the Court, a sentence at the low end of the guideline range (five months) is recommended. Mr. Maguire has exhausted all available resources probation has to offer, so a further term of supervised release is not recommended. Should the Court elect to impose a subsequent term of supervised release, it is recommended that the offender be required to successfully complete another residential drug treatment program.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: January 3, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
Tim Noggle
United States Probation Officer
(619) 557-6764

Reviewed and approved:

_____
Sean Quintal
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** MAGUIRE, James Patrick

2. **Docket No.** (Year-Sequence-Defendant No.): 07-CR-7045-001-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | use of a controlled substance | C |
   | failure to comply with drug treatment program | C |
   | leaving the judicial district without permission | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))　　　　　　　　　　[ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))　　　　　　　　　　　　[ III ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))　　　　　　　　　　[ 5 - 11 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

## THE COURT ORDERS:

__X__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ Other _____

_____

_____                    __1/7/08__
The Honorable Irma E. Gonzalez                         Date
Chief U.S. District Judge